Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| NINA CHOCK RIVERA | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón |
|---|---|---|
| Peticionaria | | |
| v. | | |
| JOSÉ IGNACIO BLANCO ANEIROS | KLCE202301300 | Sobre: Liquidación de Comunidad de Bienes, Acometimiento o Agresión |
| Recurrido | | |
| | | Caso Número: BY2019CV00515 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y la Juez Aldebol Mora

Domínguez Irizarry, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de diciembre de 2023.

La peticionaria, señora Nina Chock Rivera, comparece ante nos para que dejemos sin efecto las determinaciones notificadas por el Tribunal de Primera Instancia, Sala Bayamón, el 23 de octubre de 2023. Mediante las mismas, el foro primario, en reconsideración, respectivamente resolvió que, el descubrimiento de prueba del caso de epígrafe habría de culminar el 30 de enero de 2024, así como que el mismo no se podía extender a la información sobre los ingresos del recurrido, el señor José I. Blanco Aneiros, posteriores a la fecha del divorcio. Lo anterior, dentro de un pleito sobre liquidación de comunidad de bienes gananciales.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

En lo aquí concerniente, el 8 de septiembre de 2023, el tribunal recurrido notificó una *Orden* por la cual impuso a los comparecientes una sanción de $150.00 por haber incumplido una

Número Identificador

RES2023 _____

previa determinación en virtud de la cual se les concedió hasta el 17 de julio de 2023 para informar el estado del descubrimiento de prueba del caso. Según destacado por el tribunal, la etapa del descubrimiento de prueba inició en el año 2019. No obstante, en la *Orden* de referencia, el Tribunal de Primera Instancia autorizó una extensión del descubrimiento de prueba, por cuarenta y cinco (45) días perentorios, solo en cuanto a los requerimientos de prueba tramitados previo al 17 de julio de 2023 respecto al aquí recurrido y limitado a ciertos documentos. En su *Orden,* el Tribunal de Primera Instancia aclaró que no habría de autorizar ningún trámite ulterior sobre requerimiento de prueba y decretó que, al 30 de octubre de 2023, daba por concluida la referida etapa procesal.

El 25 de septiembre de 2023, la peticionaria presentó una *Solicitud para que se Reconsidere Fecha de Cierre de Descubrimiento de Prueba.* Por su parte, en igual fecha, el recurrido compareció mediante *Moción en Reconsideración para Producir Planillas.* En cumplimiento de orden, la peticionaria presentó su escrito en oposición a la reconsideración solicitada por el recurrido.

Tras entender sobre los respectivos argumentos de las partes, el 23 de octubre de 2023, el Tribunal de Primera Instancia notificó las resoluciones en reconsideración aquí recurridas. En una de ellas, y respecto a la solicitud promovida por la peticionaria, el tribunal resolvió que, al 30 de enero de 2024, habría de tener por concluido el descubrimiento de prueba. En la restante determinación, el foro primario, en atención al requerimiento del recurrido, acogió su súplica y no autorizó que se efectuara descubrimiento de prueba alguno relacionado a los ingresos que percibió con posterioridad a la fecha del decreto de divorcio entre las partes.

Inconforme, el 21 de noviembre de 2023, la peticionaria compareció ante nos mediante el presente recurso de *certiorari*. En el mismo formula los siguientes señalamientos:

> Erró el TPI al limitar el descubrimiento de prueba en contra del peticionario a la fecha del divorcio de las partes, tomando en cuenta que estamos ante una comunidad de bienes en liquidación, creada durante treinta (30) años de matrimonio.

> Erró el TPI al ordenar la culminación del descubrimiento de prueba, a pesar del propio TPI tener una controversia de descubrimiento de prueba que no había atendido y a pesar de conocer que a quien único dicha orden afectará es a la peticionaria, quien carece del conocimiento de prueba necesario para poder defender su posición y tener justa resolución.

Luego de examinar el expediente de autos, procedemos a expresarnos.

## II

## A

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el curso de los procesos. *Rivera v. Joe's European Shop*, 183 DPR 580, 594. (2011). En lo pertinente, la referida disposición reza como sigue:

.    .    .    .    .    .    .    .

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

.    .    .    .    .    .    .    .

32 LPRA Ap. V, R. 52.1.

El entendido doctrinal vigente de la precitada disposición establece que, su inserción en nuestro esquema procesal, aun cuando obedece al propósito de delimitar las circunstancias en las que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari*, en situaciones meritorias constitutivas de excepción. *Job Connection Center v. Sups. Econo,* 185 DPR 585,593 (2012). Así, cuando, en el ejercicio de su discreción, este Foro entienda que determinada cuestión atenta contra intereses protegidos, o desvirtúa el ideal de justicia, viene llamado a entender sobre la misma.

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ____ (2023); *Mcneil Healthcase v. Mun. Las Piedras II,* 206 DPR 659 (2021); 800 *Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari,* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). No obstante, "[e]l examen que hace el tribunal apelativo, previo a expedir un *certiorari,*

no se da en el vacío ni en ausencia de otros parámetros." *800 Ponce de León v. AIG,* supra*; IG Builders et al. v. BBVAPR,* supra.

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el

proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1987). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

### III

Mediante su comparecencia, la parte peticionaria propone que intervengamos en un asunto relacionado al manejo del caso en la etapa de descubrimiento de prueba, materia que, como norma, queda excluida del ejercicio de nuestras facultades en esta etapa de los procedimientos. Al examinar el dictamen en controversia, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, *supra,* se desprende que el mismo no está inmerso en las instancias contempladas por el legislador, a los fines de que este Foro pueda entender sobre un recurso de *certiorari.*

Tal cual esbozado, el alcance de nuestra autoridad en recursos como el de autos, está expresamente delimitado por el ordenamiento civil vigente. Además, la parte peticionaria no demostró que, de no actuar respecto a su solicitud en alzada, habría de producirse un fracaso a la justicia. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que, en su más sano quehacer, este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado.

### IV

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones